1  STROOCK & STROOCK & LAVAN LLP
2  JULIA B. STRICKLAND (State Bar No. 083013)
   STEPHEN J. NEWMAN (State Bar No. 181570)
3  2029 Century Park East, Suite 1800
   Los Angeles, California  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  lacalendar@stroock.com

6  Attorneys for Defendants
7    AMERICAN EXPRESS TRAVEL RELATED
     SERVICES, INC., AMERICAN EXPRESS
8    CENTURION BANK and AMERICAN EXPRESS
     BANK, FSB
9

10                  **UNITED STATES DISTRICT COURT**
11
                **NORTHERN DISTRICT OF CALIFORNIA**
12

13  DAVID J. LEE and DANIEL R.        )   Case No. CV-07-4765  (CRB)
14  LLOYD, individually and on behalf of )
    all others similarly situated,     )
15                                      )   THE HON. CHARLES R. BREYER
                 Plaintiffs,            )
16                                      )   **NOTICE OF MOTION AND**
                                        )   **MOTION TO DISMISS;**
17      vs.                             )   **MEMORANDUM OF POINTS AND**
                                        )   **AUTHORITIES IN SUPPORT**
18  AMERICAN EXPRESS TRAVEL           )   **THEREOF**
    RELATED SERVICES, INC., a New      )
19  York corporation, AMERICAN         )   DATE:    November 30, 2007
    EXPRESS CENTURION BANK, a          )   TIME:    10:00 a.m.
20  Utah corporation, AMERICAN         )   PLACE:   Courtroom 8
    EXPRESS BANK, FSB, a Utah          )            19th Floor
21  corporation, and DOES 1 through 100, )          450 Golden Gate Ave.
22  inclusive,                          )            San Francisco, CA 94102
                                        )
23               Defendants.           )
                                        )
24  _____ )
25                                      )
26
27
28

LA 51003369v5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on November 30, 2007, at 10:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Charles R. Breyer of the above-entitled court, located at 450 Golden Gate Ave., Courtroom 8, 19th Floor, San Francisco, CA 94102, Defendants American Express Travel Related Services, Inc. and American Express Centurion Bank (collectively, "American Express" or "Defendants")[1] will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of all claims alleged in the Complaint ("Comp."), on the following alternative grounds:[2] (1) as to all Causes of Action, Plaintiffs fail to allege any concrete, measurable harm they have suffered as a result of the card and arbitration agreements alleged, and thus Plaintiffs lack standing to bring this action; (2) as to the Fourth through Sixth and Eleventh through Thirteenth Causes of Action, the California Consumers Legal Remedies Act ("CLRA") claim lacks merit because neither the arbitration agreements at issue here nor the card agreements themselves are regulated under that statute; (3) as to the Tenth Cause of Action, Plaintiffs' fraud claim fails because it is not pleaded with particularity; and (4) as to the Fourth through Sixth, Tenth, and Eleventh through Thirteenth Causes of Action, Plaintiffs' CLRA and fraud claims against American Express Centurion Bank are barred by the applicable statutes of limitations.

---

[1]  Defendant American Express Bank, FSB also joins in this Motion, but presents an additional defense, federal preemption, in a separate motion filed concurrently.

[2] In their Complaint, Plaintiffs purport to allege the following against American Express: in their First through Third, Seventh through Ninth, and Fourteenth through Nineteenth Causes of Action, violations of California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq.; in their Fourth through Sixth and Eleventh through Thirteenth Causes of Action, violations of the California Consumers Legal Remedies Act, California Civil Code Sections 1770(a)(19); in their Tenth Cause of Action, common law fraud.

1    This Motion is and will be based upon this Notice of Motion and Motion, the

2   accompanying Memorandum of Points and Authorities, the pleadings and papers on

3   file herein, all other matters of which the Court may take judicial notice and upon

4   such other or further material as may be presented at or in connection with the

5   hearing of this matter.

6

7   Dated:  October 25, 2007                    STROOCK & STROOCK & LAVAN LLP
                                                 JULIA B. STRICKLAND
8                                                STEPHEN J. NEWMAN

9

10                                        By:    s/Stephen J. Newman
                                                 _____
11                                               Stephen J. Newman

12                                               Attorneys for Defendants
                                                 AMERICAN EXPRESS TRAVEL
13                                               RELATED SERVICES, INC.,
                                                 AMERICAN EXPRESS CENTURION
14                                               BANK, and AMERICAN EXPRESS
                                                 BANK, FSB
15

16

17

18

19

20

21

22

23

24

25

26

27

28

S T R O O C K  &  S T R O O C K  &  L A V A N  L L P
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

- 3 -

LA 51003369v5

1
2

# TABLE OF CONTENTS

**Page(s)**

3
I.  INTRODUCTION ................................................................................. 1

4
II.  ALLEGATIONS OF THE COMPLAINT ........................................... 2

5
III.  ARGUMENT ....................................................................................... 4

6
      A.    Legal Standard.............................................................................. 4

7
      B.    Plaintiffs Lack Standing To Bring This Action. ......................... 5

8
            1.    Plaintiffs Lack Standing Under Article III To Plead Any

9
                  Claims. ............................................................................... 6

10
            2.    Plaintiffs' UCL Claims Also Are Barred Because They

11
                  Lack UCL Standing. .......................................................... 7

12
            3.    Plaintiffs Also Lack Standing To Allege A Claim Under

13
                  The CLRA........................................................................... 8

14
            4.    Plaintiffs Lack Standing To Assert A Fraud Claim.......... 9

15
      C.    Plaintiffs Fail To State A Claim Under The CLRA.............. 10

16
      D.    Plaintiffs' Fraud Claim Fails Because It Is Not Pleaded With

17
            Particularity. ............................................................................... 13

18
      E.    Plaintiffs' CLRA And Fraud Claims Against American Express
            Centurion Bank also Are Barred By The Statute of Limitations. .......... 15

19
            1.    Plaintiffs' CLRA Claims Against Centurion Bank Are

20
                  Time-Barred. .................................................................... 15

21
            2.    Plaintiffs' Fraud Claim Against Centurion Bank Is Time-
                  Barred................................................................................ 16

22
IV.  CONCLUSION.................................................................................. 16

23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51003369v5

1              **TABLE OF AUTHORITIES**

2                  **CASES**

Alascom, Inc. v. F.C.C.,
    727 F.2d 1212 (D.C. Cir. 1984)...............................................................6

Augustine v. FIA Card Services, N.A.,
    485 F. Supp. 2d 1172 (E.D. Cal. 2007) ..............................................13

Barry v. Carnival Corp.,
    424 F. Supp. 2d 1354 (S.D. Fla. 2006)................................................6, 9

Board of Trade of the City of Chicago v. Commodity Futures Trading Cmm'n,
    704 F.2d 929 (7th Cir. 1983) ...............................................................6

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (2007)...........................................................................5

Berry v. American Express Publishing, Inc., et al.,
    147 Cal. App. 4th 224 (2007) ...............................................1, 10, 13

Bowen v. First Family Finance Services, Inc.,
    233 F.3d 1331 (11th Cir. 2000) ...........................................................6, 9

Brother v. CPL Investments, Inc.,
    317 F. Supp. 2d 1358 (S.D. Fla. 2004) ...............................................6

Buckland v. Threshold Enterprises, Ltd.,
    No. B192832, 2007 WL. 2773497 (Cal. App. 2 Dist., Sep 25, 2007) ......7, 14

Burke v. City of Charleston,
    139 F.3d 401 (4th Cir. 1998) ...............................................................6

California Association of Psychology Providers v. Rank,
    51 Cal. 3d 1, 270 Cal. Rptr. 796, 793 P.2d 2 (1990)................................12

Caprock Plains Federal Bank Association v. Farm Credit Admin.,
    843 F.2d 840 (5th Cir. 1988) ...............................................................6

Caro v. Proctor & Gamble Co.,
    18 Cal. App. 4th 644, 22 Cal. Rptr. 2d 419 (1993) .................................8

Churchill Village, L.L.C. v. General Electric Co.,
    169 F. Supp. 2d 1119 (N.D. Cal. 2000).................................................8

Civil Services Employees Insurance Co. v. Superior Court,
    22 Cal. 3d 362 (1978) ...............................................................13

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51003369v5

Discover Bank v. Superior Court,
    134 Cal. App. 4th 886, 36 Cal. Rptr. 3d 456 (2005) ...................................3

Edwards v. Marin Park,
    356 F.3d 1058 (9th Cir. 2004) ........................................................................14

Fairbanks v. Superior Court,
    154 Cal. App. 4th 435 (2007) ........................................................................13

Gikas v. Zolin,
    6 Cal. 4th 841, 25 Cal. Rptr. 2d 500, 863 P.2d 745 (1993)........................12

Highsmith v. Chrysler Credit Corp.,
    18 F.3d 434 (7th Cir. 1994) ..............................................................................6

Hillside Dairy, Inc. v. Kawamura,
    317 F. Supp. 2d 1194 (E.D. Cal. 2004) ......................................................8, 9

Kacludis v. GTE Sprint Communications Corp.,
    806 F. Supp. 866 (N.D. Cal. 1992).................................................................4

Lujan v. Defenders of Wildlife,
    504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) .............................6

Mass. Mutual Life Insurance Co. v. Super. Ct.,
    97 Cal. App. 4th 1282 (2002).......................................................................15

Migliaccio v. Midland National Life Insurance Co.,
    2007 WL 316873 (C.D. Cal. Jan. 30, 2007).................................................13

North Star International v. Arizona Corp. Commission,
    720 F.2d 578 (9th Cir. 1983) ...........................................................................4

People v. Goodloe,
    37 Cal. App. 4th 485, 44 Cal. Rptr. 2d 15 (1995) .......................................12

Posern v. Prudential Securities, Inc.,
    No. C-03-0507 SC, 2004 WL 771399 (N.D. Cal. Feb. 18, 2004)..................6

Rich v. State Board of Optometry,
    235 Cal. App. 2d 591, 45 Cal. Rptr. 512 (1965) .........................................12

Robertson v. Dean Witter Reynolds, Inc.,
    749 F.2d 530 (9th Cir. 1984) ...........................................................................4

Roe III v. Unocal Corp.,
    70 F. Supp. 2d 1073 (C.D. Cal. 1999)............................................................4

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

LA 51003369v5

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

Ruckelshaus v. Monsanto Co.,
    467 U.S. 986 (1984) ................................................................6

Ryman v. Sears, Roebuck and Co.,
    No. 06-35630 (9th Cir., Oct. 12, 2007) ........................................10

Tamplenizza v. Josephthal & Co., Inc.,
    32 F. Supp. 2d 702 (S.D.N.Y. 1999) ...........................................6

Thomas v. Union Carbide Agriculture Products Co.,
    473 U.S. 568 (1985) ................................................................9

Transphase  System, Inc. v. S. Cal. Edison Co.,
    839 F. Supp. 711 (C.D. Cal. 1993) .............................................4

Van Slyke v. Capital One Bank,
    2007 WL 1655641 (N.D. Cal. June 7, 2007) ...............................13

Ventura County Humane Society v. Holloway,
    40 Cal. App. 3d 897, 115 Cal. Rptr. 464 (1974) ...........................9

Vess v. Ciba-Geigy Corp. USA,
    317 F.3d 1097 (9th Cir. 2003) .................................................14

Walton v. Mead,
    2004 WL 2415037 (N.D. Cal. Oct. 28, 2004) .............................14

Western Mining Council v. Watt,
    643 F.2d 618 (9th Cir. 1981) ....................................................4

Wilens v. TD Waterhouse Group, Inc.,
    120 Cal. App. 4th 746, 15 Cal. Rptr. 3d 271 (2003) .....................8

Wilson v. City of Laguna Beach,
    6 Cal. App. 4th 543, 7 Cal. Rptr. 2d 848 (1992) .........................12

**STATE STATUTES**

Cal. Civ. Code § 1761 ..............................................................10

Cal. Civ. Code § 1770 ..............................................................10

Cal. Civ. Code § 1780 ................................................................8

Cal. Civ. Code § 1783 ..............................................................15

LA 51003369v5

1    Cal. Code Civ. Proc. § 338 ...............................................................................16

2    California Business & Professions Code § 17200 ................................................1, 2

3    Utah Code Ann. § 78-12-26(3) (2002) ...............................................................16

4

5    **OTHER**

6    Fed. R. Civ. P. 9(b) .......................................................................................2, 5, 14

7    Fed. R. Civ. P. 12(b)(6)........................................................................................4

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51003369v5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

In the Complaint, plaintiffs David J. Lee and Daniel R. Lloyd ("Plaintiffs") purport to assert various state-law claims against entities that issue American Express credit, charge, gift or dining cards.[3]  Plaintiffs, by pursuing this action, attempt to rewrite the terms of the agreements that govern American Express's relationships with its cardmembers.  Each of Plaintiffs' claims fails as a matter of law.

This Court must reject Plaintiffs' sweeping challenge to the arbitration provisions set forth in their card agreements because Plaintiffs lack standing both under Article III of the U.S. Constitution and under state law.  Plaintiffs do not allege that the arbitration agreements have been enforced against them, do not describe any present dispute relating to their credit cards which might be subject to arbitration and allege no concrete harm traceable to the agreements.  Plaintiffs' claims therefore should be dismissed for lack of standing.

Moreover, Plaintiffs' CLRA and fraud claims (the Fourth through Sixth, Tenth, and Eleventh through Thirteenth Causes of Action) are not adequately pleaded, and may not be asserted here, regardless of the Court's conclusions as to whether Plaintiffs lack standing.  Neither the card agreements themselves nor the agreements to arbitrate disputes constitute contracts for the "sale or lease" of "goods and services," as the CLRA defines those terms.  Pursuant to Berry v. American Express Publishing, Inc., et al., 147 Cal. App. 4th 224 (2007), the CLRA does not apply at all to these card agreements as a matter of law.  Additionally, Plaintiffs'

---

[3] All of Plaintiffs' state-law claims are under California law.  However, federal and Utah law govern the charge and credit card agreements at issue (Comp., Exhibit 19, at 144; Exhibit 30, at 200), and federal and New York law govern the gift and dining card agreements at issue (Comp., Exhibit 28, at 193; Exhibit 29, at 199).  If Plaintiffs' claim survives the present pleading challenge, it nonetheless will fail because California state law theories are not applicable to, and therefore cannot be invoked to challenge, those agreements.

- 1 -

1    fraud claim (the Tenth Cause of Action) is not adequately pleaded under Federal

2    Rule of Civil Procedure 9(b).

3        Finally, Plaintiffs' CLRA and fraud claims against American Express

4    Centurion Bank (the Fourth through Sixth, Tenth, and Eleventh through Thirteenth

5    Causes of Action) are barred by the applicable statute of limitations.  Plaintiffs admit

6    they have had their charge cards since 2003, and until this lawsuit was filed they did

7    not challenge the terms of the arbitration provisions contained in the relevant card

8    agreements.

9        As amply demonstrated below, Plaintiffs' Complaint suffers from numerous

10    weaknesses at its core, and should be rejected.  This Court should grant American

11    Express's motion to dismiss without leave to amend.

12                    **II.   ALLEGATIONS OF THE COMPLAINT**

13        This case relates to various payment cards (credit, charge, gift and dining

14    cards) issued by Defendants.  (See Comp. ¶ 1.)  Plaintiffs purport to allege violations

15    of the UCL (Cal. Bus. & Prof. Code § 17200), the CLRA, and common law fraud.

16    Plaintiffs' claims arise from their cardmember agreements with American Express,

17    which specify the terms by which American Express extends credit and govern

18    American Express's relationship with its cardmembers (the "Agreements").

19    Specifically, Plaintiffs challenge the Agreements' arbitration provisions, which

20    require cardmembers to arbitrate certain disputes with American Express.  (Comp. ¶¶

21    1-5.)

22        The charge and credit card agreements at issue provide that they are governed

23    by federal and Utah law.  (Comp., Exhibit 19, at 144; Exhibit 30, at 200.)  The gift

24    and dining card agreements at issue are governed by federal and New York law.

25    (Comp., Exhibit 28, at 193; Exhibit 29, at 199.)

26        Plaintiffs contend, in their First through Third, Seventh through Ninth, and

27    Fourteenth through Nineteenth Causes of Action, that American Express violates the

28    UCL because "[t]he arbitration clause, which was inserted into the contract between

- 2 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

American Express and Plaintiffs (and similarly situated persons), is unconscionable, [and] illegal …" and "[v]arious of the card agreement terms (excepting the arbitration provision) and the agreement itself which was inserted into the contract between American Express and Plaintiffs (and other similarly situated persons), is unconscionable, [and] illegal …."  (Comp. ¶¶ 71 76, 78, 95, 98, 101, 121, 123, 125, 127, 130, and 133.)[4]

Plaintiffs contend, in their Fourth through Sixth and Eleventh through Thirteenth Causes of Action, that American Express violates the CLRA because "[t]he actions of American Express in inserting the arbitration provision into the … card agreement common to Plaintiffs and similarly situated persons was done in violation of Subdivision 19 of California Civil Code § 1770(a) …." and "one or more of the terms of the arbitration provision and/or the arbitration provision itself was unconscionable and illegal under California law" and "one or more of the terms of the … card agreement (excluding the arbitration provision) and/or the agreement itself was unconscionable and illegal under California law."  (Comp. ¶¶ 84, 85, 88, 89, 92, 93, 110, 111, 114, 115, 118, 119.)

Plaintiffs further contend, in their Tenth Cause of Action, that American Express "made misrepresentations to Plaintiffs and similarly situated persons American Express card holders that the terms contained in its card member agreement (excluding its arbitration provision) to its charge cards, credit cards, Gift cards, and Dining Cards, and the card agreement itself was conscionable, legal, and enforceable, and the controlling law pertaining to those cards was New York law (relative to the Gift Cards and the Dining Cards) and Utah law (relative to the charge cards and credit cards)."  (Comp. ¶ 104.)  Plaintiffs allege that "[t]hese

---

[4]   American Express contends that if Plaintiffs' claim survives the present pleading challenge, it will nonetheless fail on the merits.  See Discover Bank v. Superior Court, 134 Cal. App. 4th 886, 894, 36 Cal. Rptr. 3d 456 (2005).  As explained herein, however, this Court need not reach the merits, but may dismiss Plaintiffs' claims on the pleadings.

- 3 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

1   representations were made not only in the card agreement themselves but in direct

2   communications between the card holder and American Express and on the official

3   American Express Internet website." (Id.)  Moreover, in their Twentieth Cause of

4   Action, Plaintiffs contend that they are entitled to a declaratory judgment "of their

5   rights and duties, and a declaration that the arbitration provision and/or the card

6   agreement and/or specified terms of the card agreement are unconscionable, illegal

7   and unenforceable."  (Comp. ¶ 137.)

8        Plaintiffs seek injunctive relief, non-statutory and/or statutory restitution

9   (including disgorgement of profits), punitive damages relative to the CLRA and

10  fraud causes of action, declaratory judgment, and attorneys' fees and costs.  (Comp.

11  at 68-69.)

12       Critically, Plaintiffs identify no present dispute with American Express in

13  regard to any specific charge on their accounts or any other issue relating to their

14  accounts.  They do not contend that they have <u>ever</u> been required or requested to

15  arbitrate <u>any</u> dispute with American Express.  Rather, and fatally, they make a facial

16  challenge to the arbitration agreements, in the abstract, without tying their challenge

17  to any specific substantive claim or dispute.

18                  **III.   ARGUMENT**

19  **A.    Legal Standard.**

20       A motion to dismiss for failure to state a claim tests the complaint's legal

21  sufficiency.  Fed. R. Civ. P. 12(b)(6); <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720

22  F. 2d 578, 581 (9th Cir. 1983); <u>Roe III v. Unocal Corp.</u>, 70 F. Supp. 2d 1073, 1075

23  (C.D. Cal. 1999).  "A complaint may be dismissed as a matter of law for one of two

24  reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a

25  cognizable legal claim."  <u>Kacludis v. GTE Sprint Communications Corp.</u>, 806 F.

26  Supp. 866, 870 (N.D. Cal. 1992) (quoting <u>Robertson v. Dean Witter Reynolds</u>, Inc.,

27  749 F. 2d 530, 534 (9th Cir. 1984).  A court need not necessarily "assume the truth of

28  legal conclusions merely because they are cast in the form of factual allegations."

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 4 -

1   Western Mining Council v. Watt, 643 F. 2d 618, 624 (9th Cir. 1981); Transphase

2   Sys., Inc. v. S. Cal. Edison Co., 839 F. Supp. 711, 718 (C.D. Cal. 1993) (the Court

3   does not "need to accept as true conclusory allegations … or unreasonable

4   inferences").

5           Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss

6   does not need detailed factual allegations, a plaintiff's obligation to provide the

7   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

8   a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic

9   Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A plaintiff

10  must proffer "enough facts to state a claim to relief that is plausible on its face." Id.

11  at 1974.  Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the

12  plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief.

13  Id. at 1965 n.3. Though such assertions may provide a defendant with the requisite

14  "fair notice" of the nature of a plaintiff's claim, only factual allegations can clarify

15  the "grounds" on which that claim rests.  Id.  "The pleading must contain something

16  more ... than ... a statement of facts that merely creates a suspicion [of] a legally

17  cognizable right of action ."  Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal

18  Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004)).  Consequently, a Rule

19  12(b)(6) motion should be granted where the plaintiffs have failed to "nudge[ ] their

20  claims across the line from conceivable to plausible."  Id. at 1974.

21          Plaintiffs' allegations fail to state a cognizable legal claim against Defendants,

22  and thus the Complaint should be dismissed without leave to amend.

23  **B.    Plaintiffs Lack Standing To Bring This Action.**

24          As is apparent from the face of the Complaint, Plaintiffs do not and cannot

25  allege any actual harm that they personally have suffered as a direct result of the

26  Agreements.  Therefore, they do not meet the requirements of standing under Article

27  III of the U.S. Constitution, the UCL, or the CLRA.  Nor have they suffered any

28  legally cognizable detriment giving rise to a fraud claim.

- 5 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

1.     **Plaintiffs Lack Standing Under Article III To Plead <u>Any</u> Claims.**

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  Under Article III, Plaintiffs lack standing unless they have <u>already</u> personally suffered concrete, measurable harm directly attributable to the Agreements.  This is why the federal courts uniformly reject facial challenges to arbitration agreements.  <u>See</u> <u>Ruckelshaus v. Monsanto Co.</u>, 467 U.S. 986, 1019-20 (1984) (no standing where plaintiff "did not allege or establish that it had been injured by actual arbitration under the statute"); <u>Bd. of Trade of the City of Chicago v. Commodity Futures Trading Cmm'n</u>, 704 F.2d 929, 932-34 (7th Cir. 1983) (same); <u>Tamplenizza v. Josephthal & Co., Inc.</u>, 32 F. Supp. 2d 702, 703, 704 (S.D.N.Y 1999) (refusing to invalidate arbitration provision where no pending or imminent arbitral proceeding); <u>Posern v. Prudential Secs., Inc.</u>, No. C-03-0507 SC, 2004 WL 771399, at *8 (N.D. Cal. Feb. 18, 2004) (same); <u>Bowen v. First Family Fin. Servs., Inc.</u>, 233 F.3d 1331, 1341 (11th Cir. 2000) (same).[5]

Plaintiffs plainly fail to meet the standing requirement of Article III.  They do not show that they suffered a concrete, measurable injury based on a specific loss of money or property and directly traceable to the Agreements.  Plaintiffs simply allege that "as a result of the unconscionability and illegality of the arbitration provision and entire agreement, respectively, that make one or both unenforceable, the fee-paying card holder suffered damage by receiving something worth monetarily less than that for which he/she contracted and paid (as well as by the loss of use of the fee following its payment)."  (Comp. ¶ 1.)  This is inadequate.

---

[5]  <u>See also</u> <u>Highsmith v. Chrysler Credit Corp.</u>, 18 F.3d 434, 436-37 (7th Cir. 1994); <u>Barry v. Carnival Corp.</u>, 424 F. Supp. 2d 1354, 1358 (S.D. Fla. 2006); <u>Caprock Plains Fed. Bank Ass'n v. Farm Credit Admin.</u>, 843 F.2d 840, 845-46 (5th Cir. 1988); <u>Alascom, Inc. v. F.C.C.</u>, 727 F.2d 1212, 1217 (D.C. Cir. 1984); <u>Burke v. City of Charleston</u>, 139 F.3d 401, 406 (4th Cir. 1998); <u>Brother v. CPL Investments, Inc.</u>, 317 F. Supp. 2d 1358, 1369 (S.D. Fla. 2004).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1    Plaintiffs stretch legal argument to the breaking point.  Nowhere in the

2  Complaint do Plaintiffs allege that they attempted to arbitrate a dispute with

3  American Express over their Agreements and were thwarted because the arbitration

4  provision in the Agreements was judged unenforceable.  Nor do they allege they

5  were forced to arbitrate against their will or under unfair conditions.  Plaintiffs'

6  alleged "injury" is hypothetical because it is based on Plaintiffs' allegation about

7  what <u>might</u> happen if a potentially-arbitrable dispute might arise between them and

8  American Express in the future.  The loss of value Plaintiffs allege only could have

9  meaning in the context of an actual dispute.  An unactualized possibility is not an

10  injury in fact.  Therefore, <u>all</u> of Plaintiffs' claims should be dismissed for lack of

11  Article III standing.

12      **2.    Plaintiffs' UCL Claims Also Are Barred Because They Lack UCL**
13          **Standing.**

14    Plaintiffs also lack standing to plead their UCL claims under California law.

15  Section 17204 of the UCL[6] provides, in pertinent part:

16          Actions for any relief pursuant to this chapter shall be
17          prosecuted exclusively in a court of competent jurisdiction
            … by any person who has suffered injury in fact and has
18          lost money or property as a result of such unfair
            competition.

19
20  A private UCL plaintiff must prove standing based on a specific loss of money or

21  property that is proximately caused by alleged UCL violation.  <u>See</u> <u>Buckland v.</u>

22  <u>Threshold Enterprises, Ltd.</u>, No. B192832, 2007 WL 2773497, *8 (Cal. App. 2 Dist.,

23  Sep 25, 2007) (plaintiffs must show, at a minimum, "a distinct and palpable injury"

24  that is concrete and particularized, not "conjectural" or "hypothetical").  Plaintiffs

25  allege only hypothetical harm here, defeating their UCL claims.

26

27  _____

28  [6] Proposition 64, which became effective on November 3, 2004, amended the UCL
    and placed restrictions on standing and how aggregated claims should proceed in
    actions filed by private individuals or entities.

- 7 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

1  Again, the Complaint reveals on its face that Plaintiffs do not and cannot
2  allege any actual harm that they personally have suffered as a direct result of the
3  Agreements. They have not lost any money and have no pending claim involving a
4  dispute with American Express regarding their charge, gift, or dining cards. Because
5  no actual pecuniary damages are alleged to exist at this time, Plaintiffs fail to meet
6  the UCL's standing requirement, and their claims should be dismissed.

7  **3.    Plaintiffs Also Lack Standing To Allege A Claim Under The CLRA.**

8  Under the CLRA, <u>only</u> a damaged consumer has standing to sue. A CLRA
9  cause of action is available to "[a]ny consumer who <u>suffers any damage</u> as a result of
10 the use or employment by any person of a method, act, or practice declared to be
11 unlawful by Section 1770[.]" Cal. Civ. Code § 1780(a) (emphasis added). "Relief
12 under the CLRA is specifically limited to those who suffer damage, making
13 causation a necessary element of proof." <u>Wilens v. TD Waterhouse Group, Inc.</u>, 120
14 Cal. App. 4th 746, 754-56, 15 Cal. Rptr. 3d 271 (2003) (court refused to certify a
15 CLRA class where it could not presume that each class member suffered damage "by
16 the mere insertion of the [unconscionable] provision in the … agreement[,]" and
17 where "the individual issues here go beyond mere calculation; they involve each
18 class member's <u>entitlement</u> to damages") (emphasis in original); <u>Caro v. Proctor &</u>
19 <u>Gamble Co.</u>, 18 Cal. App. 4th 644, 659-660, 22 Cal. Rptr. 2d 419 (1993) (where
20 benefits would be minimal or non-existent, CLRA class action failed).[7] The mere
21 assertion that the arbitration provision is "unconscionable" is not tantamount to
22 injury.

23 Plaintiffs lack standing under the CLRA to challenge an arbitration clause that
24 has not been invoked, or the agreements containing such a clause, because such a

25

---

26 [7]  <u>See also</u> <u>Churchill Village, L.L.C. v. General Electric Co.</u>, 169 F. Supp. 2d 1119,
27 1129 (N.D. Cal. 2000) ([s]peculative injury ... does not constitute irreparable injury")
   (citation omitted); <u>Hillside Dairy, Inc. v. Kawamura</u>, 317 F. Supp. 2d 1194, 1196
28 (E.D. Cal. 2004) (that state "may eventually attempt to enforce" statute failed to
   demonstrate irreparable injury).

- 8 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

claim involves "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985) (no standing to challenge arbitration clause not yet invoked); Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1341 (11th Cir. 2000) ("In the absence of a substantial likelihood that the arbitration agreement will be enforced against the plaintiffs, they lack standing to challenge its enforceability."); see also Barry v. Carnival Corp., 424 F. Supp. 2d 1354, 1358 (S.D. Fla. 2006) (no standing to challenge forum selection clause where injury stemming therefrom is neither actual nor imminent).

Plaintiffs nowhere allege that they were forced to individually arbitrate any claim against American Express. Stripped to its essence, Plaintiffs' alleged "injury" concerns what might happen if Plaintiffs were to attempt to arbitrate a dispute with American Express over the Agreements, or were to attempt to avoid a demand by American Express to arbitrate. In short, Plaintiffs allege no tangible loss or infringement of any cognizable legal right that a favorable decision under the CLRA could remedy. Absent some cognizable legal harm flowing directly from American Express's conduct, Plaintiffs cannot pursue an action under the CLRA, and their CLRA claims should be dismissed.

### 4. Plaintiffs Lack Standing To Assert A Fraud Claim.

For the same reasons set forth above, Plaintiffs' fraud claim also fails. They do not allege having suffered any concrete detriment resulting from their reliance on any alleged misrepresentation. Their alleged injuries are hypothetical and conjectural only, and this does not suffice to confer standing. See Ventura County Humane Soc'y v. Holloway, 40 Cal. App. 3d 897, 906, 115 Cal. Rptr. 464 (1974) ("it is the uncertainty as to the fact of damage rather than its amount which negatives the existence of a cause of action"); Hillside Dairy, Inc. v. Kawamura, 317 F. Supp. 2d 1194, 1196 (E.D. Cal. 2004) (that state "may eventually attempt to enforce" statute failed to demonstrate irreparable injury).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51003369v5

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

## C.    Plaintiffs Fail To State A Claim Under The CLRA.

Plaintiffs' CLRA claims also fail as a matter of California law, because neither the Agreements themselves nor the arbitration agreements are agreements for the "sale or lease of goods or services" as required to pursue a claim under the CLRA. The California Court of Appeal has made clear that credit card issuers may <u>not</u> be sued under the CLRA for including allegedly unfair terms in their card agreements. <u>Berry v. American Express Publishing, Inc., et al.</u>, 147 Cal. App. 4th 224 (2007).[8] On May 16, 2007, the California Supreme Court denied review of the Court of Appeal's <u>Berry</u> decision, and further denied multiple depublication requests.  This Court must apply the <u>Berry</u> rule and dismiss the CLRA claim.  <u>See Ryman v. Sears, Roebuck and Co.</u>, No. 06-35630 (9th Cir., Oct. 12, 2007) (when a federal court is required to apply a state law, and there is no relevant precedent from the state's highest court, the federal court must follow a relevant state intermediate appellate court decision unless there is convincing evidence that the state's supreme court likely not follow it).

<u>Berry</u> alleged the exact claims currently before this Court.  Plaintiff in <u>Berry</u> asserted a single cause of action for violation of the CLRA, contending that his credit card agreement contained an allegedly "unconscionable" arbitration agreement in violation of Civil Code section 1770(a)(19).  Plaintiff contended that his credit card agreement was subject to the CLRA because a credit card supposedly constitutes a "good" or "service" as defined by Civil Code section 1761.

Following the plain text of the statute, the Fourth District Court of Appeal held that a credit card is not itself a "good" within the meaning of the CLRA, since an extension of credit is plainly not a "tangible chattel," even though a credit card may be used to purchase goods.  <u>See Berry</u>, 147 Cal. App. 4th at 229; Cal. Civ. Code § 1761(a) (defining "goods" as "tangible chattels bought or leased for use primarily

---

[8]  Plaintiffs' counsel herein, Matthew Hale, was counsel of record for the <u>Berry</u> plaintiff.

LA 51003369v5

1    for personal, family, or household purposes").  The Court of Appeal further analyzed

2    whether an extension of credit constitutes a "service" under the CLRA, finding no

3    support for such an interpretation in either the text of the statute or in its legislative

4    history.  The Court of Appeal's reasoning is dispositive here:

> Early drafts of section 1761, subdivision (d), defined "Consumer" as "an individual who seeks or acquires, by purchase or lease, any goods, services, money, or credit for personal, family or household purposes."  (Assem. Bill No. 292 (1970 Reg. Sess.) Jan. 21, 1970, italics added.)  But the Legislature removed the references to "money" and "credit," before CLRA's enactment, and they do not appear in the current version.
>
> . . .
>
> Other provisions in early drafts of CLRA confirm that deletion of the terms "money" and "credit" narrowed the act's scope.  For example, an early draft of section 1780 gave standing to "[a]ny consumer who obtains credit, or purchases or leases, or agrees to purchase or lease, goods or services primarily for personal, family, or household purposes, and who thereby suffers any damage. . . ." (Italics added.)  The draft's placement of the phrase "obtains credit" demonstrates the Legislature viewed the extension of credit as a separate activity from purchasing or leasing goods and services, rather than an example of it.  The final version of section 1780 deleted the specific references to activities covered under the act, and it now confers standing on:  "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770. . . ."
>
> Section 1770 lists the specific methods, practices, and acts deemed unlawful under CLRA.  Most of the matters in section 1770 appear directed toward the purchase and lease of tangible goods and services, and none suggests the statutory language covered extensions of credit unrelated to a specific sale or lease transaction.  Moreover, the Legislature considerably narrowed section 1770 before enacting CLRA.  For example, an earlier draft of the preface in subdivision (a) required the specified unlawful acts or practices to have been "undertaken by any person in the conduct of any trade or commerce . . . ."  The Legislature later narrowed section 1770 to read "undertaken by any person in the sale or lease of goods or services to any consumer . . . ."  The current preface to section 1770, subdivision (a), reads: "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ."  Thus, the Legislature unmistakably narrowed the act's

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 11 -

1

2    scope by limiting liability to transactions involving the
actual or contemplated sale or lease of goods and services.
Consequently, providing credit separate and apart from the
sale or lease of any specific good or service falls outside
the scope of section 1770.

3

4

5    Id. at 230-32 (italics in original).

6        In light of this undisputed history, the Court of Appeal applied well-

7    established rules of statutory construction in finding that the CLRA does not apply to

8    transactions for "money" or "credit":

9

10       "The evolution of a proposed statute after its original
introduction in the Senate or Assembly can offer
considerable enlightenment as to legislative intent."
(People v. Goodloe (1995) 37 Cal.App.4th 485, 490, 44
Cal.Rptr.2d 15.)  Thus, an oft cited canon of statutory
construction provides:  "'"'The rejection by the Legislature
of a specific provision contained in an act as originally
introduced is most persuasive to the conclusion that the act
should not be construed to include the omitted
provision."'"  (Gikas v. Zolin (1993) 6 Cal.4th 841, 861, 25
Cal.Rptr.2d 500, 863 P.2d 745;  Wilson v. City of Laguna
Beach (1992) 6 Cal.App.4th 543, 555, 7 Cal.Rptr.2d 848;
Rich v. State Board of Optometry (1965) 235 Cal.App.2d
591, 607, 45 Cal.Rptr. 512.)  The simple reason for this
canon is that a court "should not grant through litigation
what could not be achieved through legislation."
(California Assn. of Psychology Providers v. Rank (1990)
51 Cal.3d 1, 33, 270 Cal.Rptr. 796, 793 P.2d 2 (Rank ).)
Thus, courts must not interpret a statute to include terms
the Legislature deleted from earlier drafts.  Here, the
Legislature's deletion of the terms "money" and "credit"
from CLRA's definition of "consumer" strongly counsels
us not to stretch the provision to include extensions of
credit unrelated to the purchase of any specific good or
service.

11

12

13

14

15

16

17

18

19

20

21

22

23   Id. at 230 (emphasis added).  Applying this broad principle to the specific case of a

24   credit card agreement, the Court of Appeal concluded that "neither the express text

25   of the CLRA nor its legislative history supports the notion that credit transactions

26   separate and apart from any sale or lease of goods and services are covered under the

27   act," and held that the Superior Court properly sustained defendant's demurrer to the

28   complaint.  Id. at 233-34.

- 12 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1    Furthermore, since <u>Berry</u>, a uniform line of cases holds broadly that the CLRA

2    generally does not regulate financial services.  These broad rulings extend the <u>Berry</u>

3    rule to all of the payment cards alleged in the instant Complaint.  Even if "credit" is

4    not extended through the dining or gift cards, they nonetheless are tools to substitute

5    for the use of "money."  Because the Legislature excluded transactions for "money

6    or credit" for the CLRA, <u>none</u> of Plaintiffs' claims may rely upon the CLRA.  In

7    <u>Migliaccio v. Midland Nat'l Life Ins. Co.</u>, No. CV 06-1007 CASMANX, 2007 WL

8    316873 (C.D. Cal. Jan. 30, 2007), for example, it was recognized that annuity sales

9    practices are not actionable under the CLRA, even though an annuity arguably is a

10   kind of retirement planning service.  In <u>Van Slyke v. Capital One Bank</u>, No. C 07-

11   00671 WHA, 2007 WL 1655641 (N.D. Cal. June 7, 2007), and <u>Augustine v. FIA</u>

12   <u>Card Servs., N.A.</u>, 485 F. Supp. 2d 1172, 1175 (E.D. Cal. 2007), two federal courts

13   found <u>Berry</u> to be persuasive, reading it broadly to bar all CLRA claims relating to

14   credit cards, no matter how the card issuer/card holder relationship is characterized in

15   the pleadings.  Recently, in <u>Fairbanks v. Superior Court</u>, 154 Cal. App. 4th 435, 444-

16   48 (2007), the Court of Appeal followed <u>Berry</u> and found that insurance is not a

17   "good" or "service" under the CLRA.  These cases, as well as <u>Berry</u> itself, simply

18   develop the basic principle recognized in <u>Civil Services Employees Ins. Co. v.</u>

19   <u>Superior Court</u>, 22 Cal. 3d 362, 376 (1978), that the CLRA only regulates such

20   things as are "technically" goods or services, traditionally understood.

21   It thus is well-settled that financial services are not "services" within the

22   meaning of the CLRA.  If the Legislature intended to regulate financial services

23   broadly with the CLRA, it would not have deleted the words "money or credit" from

24   the statute.  The CLRA claim should be dismissed in its entirety.

25   **D.    Plaintiffs' Fraud Claim Fails Because It Is Not Pleaded With**
         **Particularity.**
26
27   Plaintiffs baldly assert that American Express made misrepresentations to

28   Plaintiffs and other cardmembers that the terms contained in American Express's

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

- 13 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1    Agreements were conscionable, legal, and enforceable, and that the controlling law

2    pertaining to those cards was New York law (relative to the Gift Cards and the

3    Dining Cards) and Utah law (relative to the charge cards and credit cards).  (Comp. ¶

4    104.)  Plaintiffs allege that these representations were made not only in the

5    Agreements themselves but also in direct communications between Plaintiffs and

6    American Express and on the official American Express Internet website.  Id.

7    Plaintiffs' fraud claim fails.

8         A plaintiff who alleges fraud must meet the heightened pleading requirements

9    of Federal Rule of Civil Procedure 9(b).  Rule 9(b) provides that, "[i]n all averments

10   of fraud or mistake, the circumstances constituting fraud or mistake shall be stated

11   with particularity."  Fed. R. Civ. P. 9(b).  This heightened pleading standard applies

12   in UCL cases.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1101, 1103-1104

13   (9th Cir. 2003) (applying Rule 9(b) standard to UCL claim).  To avoid dismissal for

14   inadequacy under Rule 9(b), Plaintiffs must state the "time, place, and specific

15   content of the false representations as well as the identities of the parties to the

16   misrepresentation."  Walton v. Mead, No. C 03-4921 CRB, 2004 WL 2415037, *7

17   (N.D. Cal. October 28, 2004) (citing Edwards v. Marin Park, 356 F.3d 1058, 1066

18   (9th Cir. 2004).

19        Plaintiffs here do not meet these requirements.  Plaintiffs fail to identify with

20   the requisite particularity any statement made by anyone at American Express upon

21   which Plaintiffs relied at the time they obtained their credit cards.  Plaintiffs allege

22   no specific acts of wrongdoing by American Express.  Under California law, "[t]he

23   elements of fraud ... are (a) misrepresentation (false representation, concealment, or

24   nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to

25   induce reliance; (d) justifiable reliance; and (e) resulting damage." (citation omitted)

26   Buckland v. Threshold Enterprises, Ltd., No. B192832, 2007 WL 2773497, *3

27   (Cal.App. 2 Dist., Sept. 25, 2007).  Plaintiffs fail to plead the elements of fraud under

28   California law with adequate specificity, and their fraud claim should be dismissed.

- 14 -

LA 51003369v5

**E.    Plaintiffs' CLRA And Fraud Claims Against American Express Centurion Bank also Are Barred By The Statute of Limitations.**

Plaintiffs allege state-law claims against American Express Centurion Bank ("Centurion Bank") arising out of an American Express Platinum charge card allegedly obtained by Plaintiff Lloyd from Centurion Bank in January 2003.[9] (Comp. ¶ 39; see also Exhibit 30 to Complaint.)  Plaintiffs' CLRA and fraud claims against Centurion Bank (the Fourth through Sixth, Tenth, and Eleventh through Thirteenth Causes of Action) are barred by the applicable statutes of limitations.[10]

**1.    Plaintiffs' CLRA Claims Against Centurion Bank Are Time-Barred.**

CLRA claims are subject to a three-year statute of limitations.  Cal. Civ. Code § 1783.  Courts have held that the statute runs from the time that a reasonable person would have discovered the basis for a claim.  See Mass. Mut. Life Ins. Co. v. Super. Ct., 97 Cal. App. 4th 1282, 1295 (2002).

As alleged in the Complaint, Plaintiff Lloyd obtained the charge card at issue and the card agreement in January 2003.  Thus, Plaintiffs knew or should have known the relevant facts giving rise to their CLRA claims four years prior to the filing of their Complaint, and had three years to litigate these claims, which they failed to do.  No facts are pleaded suggesting that Plaintiffs did not receive or could not obtain copies of their Agreements and no basis for tolling the statute of

---

[9] American Express continues to investigate whether Plaintiffs identify the wrong American Express entities as the issuers of the various cards at issue.  However, for now, Defendants take the allegations of the Complaint at face value.

[10] Plaintiff Lee alleges that he obtained a Starwood Preferred Guest Credit Card from American Express in or about April 2006, and obtained an American Express Gift Card and an American Express Dining Card both in or about June, 2007.  (Comp. ¶¶ 28, 35.)  Plaintiff Lee further alleges that he obtained an American Express "Green" charge card in or about June 2007.  (Id. ¶ 37.)  All of Plaintiff Lloyd's claims arise from the American Express Platinum charge card, which he allegedly obtained in January 2003.

- 15 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067–3086

1   limitations is pleaded.  Therefore, Plaintiffs' CLRA claims against Centurion Bank
2   are time-barred and should be dismissed

3           **2.       Plaintiffs' Fraud Claim Against Centurion Bank Is Time-Barred.**

4           Plaintiffs' fraud claim against Centurion Bank also is barred by the applicable
5   statutes of limitations under California and Utah law.[11]  Under both California and
6   Utah law, the limitations period for commencement of a fraud action is three years.
7   See Code Civ. Proc. § 338, subd. (d); Utah Code Ann. § 78-12-26(3) (2002).  The
8   facts underlying Plaintiffs' alleged fraud claim were fully known to them when
9   Plaintiff Lloyd obtained the American Express Platinum charge card from Centurion
10  Bank, and received his cardmember agreement, in January 2003.  (Comp. ¶ 39; see
11  also Exhibit 30 to Complaint.)  Thus, the clock has long run on Plaintiffs' fraud
12  claim and it should be dismissed.

13                          **IV.   CONCLUSION**

14          For the foregoing reasons, American Express respectfully requests that this
15  Court grant the Motion and dismiss the Complaint in its entirety.

16

17  Dated:  October 25, 2007                    Respectfully submitted,

18                                              STROOCK & STROOCK & LAVAN LLP
                                                JULIA B. STRICKLAND
19                                              STEPHEN J. NEWMAN

20

21                                              By:   s/Stephen J. Newman
                                                      Stephen J. Newman
22

23                                              Attorneys for Defendants
                                                AMERICAN EXPRESS TRAVEL
24                                              RELATED SERVICES, INC.,
                                                AMERICAN EXPRESS
25                                              CENTURION BANK, and
                                                AMERICAN EXPRESS BANK, FSB
26
      _____
27  [11] The card agreement is governed by Utah law and applicable federal law.  See
      Exhibit 30 to Complaint.
28

                                    - 16 -