STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
STEPHEN J. NEWMAN (State Bar No. 181570)
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendants
  AMERICAN EXPRESS TRAVEL RELATED
  SERVICES, INC., AMERICAN EXPRESS
  CENTURION BANK, and AMERICAN EXPRESS
  BANK, FSB.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE and DANIEL R. LLOYD, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC., a New York corporation, AMERICAN EXPRESS CENTURION BANK, a Utah corporation, AMERICAN EXPRESS BANK, FSB, a Utah corporation, and DOES 1 through 100, inclusive,<br><br>                    Defendants. | **Case No. CV-07-4765 (CRB)**<br><br>THE HON. CHARLES R. BREYER<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT AMERICAN EXPRESS BANK, FSB TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:   November 30, 2007<br>TIME:    10:00 a.m.<br>PLACE:  Courtroom 8<br>              19th Floor<br>              450 Golden Gate Ave.<br>              San Francisco, CA 94102 |

LA 51005840v1

1  **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**
2  **RECORD HEREIN:**
3  PLEASE TAKE NOTICE that on November 30, 2007, at 10:00 a.m. or as
4  soon thereafter as this matter may be heard before the Honorable Charles R. Breyer
5  of the above-entitled court, located at 450 Golden Gate Ave., Courtroom 8, 19th
6  Floor, San Francisco, CA 94102, Defendant American Express Bank, FSB ("FSB")
7  will and hereby does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules
8  of Civil Procedure, for an Order dismissing all claims of the Complaint of plaintiffs
9  David J. Lee and Daniel R. Lloyd (together, "Plaintiffs") alleged against FSB.
10 Plaintiffs challenge, under state law only, the terms of an arbitration provision
11 included in FSB's credit card agreements.  However, FSB is a federal savings bank,
12 and thus its card agreements are subject to the exclusive authority of the Office of
13 Thrift Supervision ("OTS") to regulate the activities of such federal savings banks.
14 Plaintiffs' claims against FSB are improper and should be stricken on the ground that
15 under the Home Owners' Loan Act, 48 Stat. 129, as amended, 12 U.S.C. § 1461, et
16 seq. ("HOLA"), all of Plaintiffs' claims against FSB are preempted and thus barred.
17 FSB also incorporates herein all arguments made in the Motion to Dismiss of
18 Defendants American Express Travel Related Services, Inc. and American Express
19 Centurion Bank, filed concurrently in this action.
20 This Motion is and will be based upon this Notice of Motion and Motion, the
21 accompanying Memorandum of Points and Authorities, the pleadings and papers on
22 file herein, all other matters of which the Court may take judicial notice and upon
23 such other or further material as may be presented at or before the hearing of this
24 matter.

- 1 -

LA 51005840v1

| | | |
|---|---|---|
| 1 | Dated: October 25, 2007 | STROOCK & STROOCK & LAVAN LLP |
| 2 | | JULIA B. STRICKLAND |
| | | STEPHEN J. NEWMAN |

By: <u>s/Stephen J. Newman</u>
Stephen J. Newman

Attorneys for Defendants
AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.,
AMERICAN EXPRESS CENTURION BANK, and AMERICAN EXPRESS BANK, FSB

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ..................................................................................................... 1

II. ALLEGATIONS OF THE COMPLAINT ............................................................... 1

III. ARGUMENT ............................................................................................................ 1

IV. CONCLUSION ........................................................................................................ 7

LA 51005840v1

# TABLE OF AUTHORITIES

## CASES

American Bankers Association v. Lockyer,
    239 F. Supp. 2d 1000 (E.D. Cal. 2002) ............................................................................... 2

Bank of America v. City and County of San Francisco,
    309 F.3d 551 (9th Cir. 2002) ............................................................................................... 2

Barnett Bank of Marion Cty., N.A. v. Nelson,
    517 U.S. 25, 116 S. Ct. 1103, 134 L. Ed. 2d 237 (1996) .................................................... 2

Conference of Federal Sav. & Loan Assn's v. Stein,
    604 F.2d 1256 (9th Cir. 1979) ............................................................................................. 3

Fidelity Federal Sav. & Loan Association v. De la Cuesta,
    458 U.S. 141, 102 S. Ct. 3014, 73 L. Ed. 2d 664 (1982) .................................................... 3

Haehl v. Washington Mutual Bank, F.A.,
    277 F. Supp. 2d 933 (S.D. Ind. 2003) ................................................................................. 6

Lopez v. World Savings & Loan Association,
    105 Cal. App. 4th 729, 130 Cal. Rptr. 2d 42 (2003) .......................................................... 6

Moskowitz v. Washington Mutual Bank, FA,
    329 Ill. App. 3d 144, 768 N.E.2d 262 (Ill. App. Ct. 2002) ................................................. 6

Rice v. Santa Fe Elevator Corp.,
    331 U.S. 218, 67 S. Ct. 1146, 91 L. Ed. 1447 (1947) ........................................................ 2

Rosenberg v. Washington Mutual Bank, FA,
    849 A.2d 566, 369 N.J. Super. 456 (N.J. Sup. Ct. App. Div. 2004) ............................ 5, 6

Silvas v. E*Trade Mortg. Corp.,
    421 F. Supp. 2d 1315 (S.D. Cal. Mar. 16, 2006) ................................................................ 6

United States v. Locke,
    529 U.S. 89, 108, 120 S. Ct. 1135, 146 L. Ed. 2d 69 (2000) ............................................. 2

Washington Mutual Bank, FA v. Superior Court,
    95 Cal. App. 4th 606, 115 Cal. Rptr. 2d 765 (2002) ..................................................... 2, 6

Watters v. Wachovia Bank, N.A.,
    127 S. Ct. 1559 (2007) ........................................................................................................ 2

Weiss v. Washington Mutual Bank,
    147 Cal. App. 4th 72, 53 Cal. Rptr. 3d 782 (2007) ........................................................... 4

## FEDERAL STATUTES

12 U.S.C. § 1461 .......................................................................................................... 1, 2

12 U.S.C. § 1463 ........................................................................................................... 3, 5

12 U.S.C. § 1464 ............................................................................................................... 5

## FEDERAL REGULATIONS

12 C.F.R. § 560.2 ............................................................................................... 2, 3, 4, 5, 7

61 Fed. Reg. 50951 ............................................................................................................ 4

61 Fed. Reg. 50966-50967 (Sept. 30, 1996) ...................................................................... 4

## STATE STATUTES

California Civil Code § 1770 ............................................................................................. 1

California Business & Professions Code § 17200 ............................................................. 1

Utah Code Ann. §§ 70C-4-102(2) ..................................................................................... 1

LA 51005840v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Court should reject Plaintiffs' sweeping facial challenge, asserted only under state law, to the arbitration provision set forth in their credit card agreements with Defendant American Express Bank, FSB ("FSB"). Plaintiffs, by pursuing this action against FSB, attempt to rewrite the terms of the agreements that govern FSB's relationships with its cardmembers. Plaintiffs' action against FSB fails because under the Home Owners' Loan Act, 48 Stat. 129, as amended, 12 U.S.C. § 1461, et seq. ("HOLA"), all of Plaintiffs' state-law claims against FSB are preempted, and thus should be dismissed without leave to amend.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiffs claim they hold credit or charge cards issued by FSB. The card agreements require that, should a dispute relating to the card arise between FSB and its cardmember, either FSB or the cardmember has the right to have the dispute resolved by individual binding arbitration. FSB is located in Utah and all of its agreements provide that they are governed by federal and Utah law.[1] However, Plaintiffs contend that the arbitration provisions violate California law. Plaintiffs allege violations of California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. ("UCL"); California's Consumers Legal Remedies Act, California Civil Code Section 1770(a)(19) ("CLRA"); and common law fraud.

## III.   ARGUMENT

**Plaintiffs' Claims Against FSB
Are Barred By Federal Preemption.**

Plaintiffs' claims are barred in their entirety by federal preemption. California legal theories may not be used to challenge the validity of a contract with a federal savings bank located outside California. Under HOLA, the Office of Thrift

---

[1] A Utah statute expressly authorizes the particular provisions being challenged in this case. Utah Code Ann. §§ 70C-4-102(2)(b) ("A creditor may change an open-end consumer credit contract in accordance with this section to include arbitration or other alternative dispute resolution mechanism.").

- 1 -

LA 51005840v1

1  Supervision ("OTS") has the exclusive authority to regulate the lending activities of
2  federal savings banks. See 12 C.F.R. § 560.2 ("Section 560.2"). Thus, Plaintiffs'
3  California claims against FSB are defeated in their entirety.

4      "Preemption by implication, or 'field preemption,' occurs when federal
5  regulation in a particular area is 'so pervasive as to make reasonable the inference
6  that Congress left no room for the States to supplement it.'" American Bankers
7  Ass'n v. Lockyer, 239 F. Supp. 2d 1000, 1007-08 (E.D. Cal. 2002) (citing Rice v.
8  Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S. Ct. 1146, 91 L. Ed. 1447 (1947)).
9  In such a case, the absence of a specific regulation on a particular issue does not
10 indicate that the issue lies outside the field of federal preemption. Washington
11 Mutual Bank, FA v. Superior Court, 95 Cal. App. 4th 606, 620, 115 Cal. Rptr. 2d
12 765 (2002), as modified (Feb. 15, 2002). Rather, "[w]here . . . the agency
13 administering the federal act has expressed its intention to occupy the entire field of
14 lending regulations for federal savings associations [citation] there is no need to find
15 a specific regulation on point." Id. Furthermore, "because there is a '"history of
16 significant federal presence"' in national banking, the presumption against
17 preemption of state law is inapplicable." American Bankers, 239 F. Supp. 2d at 1008
18 (quoting Bank of America v. City and County of San Francisco, 309 F.3d 551, 560
19 (9th Cir. 2002) (citing United States v. Locke, 529 U.S. 89, 108, 120 S. Ct. 1135, 146
20 L. Ed. 2d 69 (2000)), as amended on denial of reh'g and reh'g en banc (Dec. 20,
21 2002), cert. denied, 538 U.S. 1069, 123 S. Ct. 2220, 155 L. Ed. 2d 1127 (May 27,
22 2003)); accord Watters v. Wachovia Bank, N.A., 127 S. Ct. 1559, 1567 (2007) ("We
23 have 'interpret[ed] grants of both enumerated and incidental "powers" to national
24 banks as grants of authority not normally limited by, but rather ordinarily pre-
25 empting, contrary state law.'" (quoting Barnett Bank of Marion Cty., N.A. v. Nelson,
26 517 U.S. 25, 32, 116 S. Ct. 1103, 134 L. Ed. 2d 237 (1996)).

27     Under sections 4(a) and 5(a) of HOLA, 12 U.S.C. §§ 1463(a) and 1464(a), the
28 OTS has exclusive authority to regulate the lending operations of federal savings

LA 51005840v1

associations.  See Fidelity Fed. Sav. & Loan Ass'n v. De la Cuesta, 458 U.S. 141, 153, 102 S. Ct. 3014, 73 L. Ed. 2d 664 (1982); Conference of Fed. Sav. & Loan Assn's v. Stein, 604 F.2d 1256, 1257-58 (9th Cir. 1979), aff'd, 445 U.S. 921, 100 S. Ct. 1304, 63 L. Ed. 2d 754 (1980).  Pursuant to its exclusive authority, the OTS has expressly occupied the entire field of lending regulation with respect to federal savings associations:

> Occupation of field. . . .  To enhance safety and soundness and to enable federal savings associations to conduct their operations in accordance with best practices (by efficiently delivering low-cost credit to the public free from undue regulatory duplication and burden), OTS hereby occupies the entire field of lending regulation for federal savings associations.  OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation.  Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . . .  For purposes of this section, "state law" includes any state statute, regulation, ruling, order or judicial decision.

12 C.F.R. § 560.2(a) (emphasis added).  Examples of state laws expressly preempted by 12 C.F.R. § 560.2 include:

> state laws purporting to impose requirements regarding . . . (9) [d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents . . . .

12 C.F.R. § 560.2(a).  Conversely, the only laws that are not preempted are: (1) contract and commercial laws; (2) real property laws; (3) certain homestead laws; (4) tort laws; (5) criminal laws; and (6) "any other law that OTS, upon review, finds: (i) [f]urthers a vital state interest; and (ii) [e]ither has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section."  12 C.F.R. § 560.2(c).

- 3 -

Weiss v. Washington Mutual Bank, 147 Cal. App. 4th 72, 77, 53 Cal. Rptr. 3d 782 (2007), sets forth the approach to determine whether state-law claims are barred by preemption under section 560.2. In Weiss, plaintiffs alleged that defendant failed to disclose, among other things, that the prepayment penalty on plaintiffs' loans could yield a "penalty" rate as high as ten percent of the unpaid balance. Weiss, 147 Cal. App. 4th at 75. Plaintiffs asserted state-law claims for fraud, unlawful restraint on alienation of real property, unfair and deceptive business practices and unjust enrichment. Id. The trial court granted defendant's motion for judgment on the pleadings, finding that plaintiffs' state-law claims were barred by federal preemption under HOLA and section 560.2. Id.

On appeal, plaintiffs contended that their tort claims were not barred by preemption because they did not directly affect defendant's lending operations. Id. at 76-77. The Court of Appeal squarely rejected this argument. Id. As the Court of Appeal explained:

> Although 12 C.F.R. § 560.2(c) exempts state tort laws that only incidentally affect the lending operations of federally regulated institutions, the "incidentally affect" analysis is triggered only when dealing with an activity that is not listed in 12 C.F.R. § 560.2(b). According to the OTS, "[w]hen analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed [among the illustrative examples of preempted state laws] in paragraph (b) [of 12 C.F.R. § 560.2]. ***If so, the analysis will end there; the law is preempted. . . . Any doubt should be resolved in favor of preemption.***" (61 Fed. Reg. 50951, 61 Fed. Reg. 50966-50967 (Sept. 30, 1996), emphasis added.) It is only if the law is not covered by paragraph (b) that the inquiry continues to determine whether the particular state law affects lending. (*Ibid.*) As noted above and in footnote 2, *ante*, prepayment penalty provisions are listed among the illustrations in 12 C.F.R. § 560.2(b). For this reason, our inquiry ends here . . . .

Id. at 77 (emphasis and brackets in original). Because plaintiffs' state-law tort claims sought to impose requirements concerning prepayment penalties, which are expressly

- 4 -

listed under section 560.2(b), the Court of Appeal held that plaintiffs' claims were barred in their entirety by federal preemption. Id. at 76-77.

Rosenberg v. Washington Mut. Bank, FA, 849 A.2d 566, 369 N.J. Super. 456 (N.J. Sup. Ct. App. Div. 2004), is similarly instructive. In Rosenberg, plaintiffs obtained a 30-year, $225,000 adjustable-rate mortgage loan from WMB to purchase a vacation home. Id. at 567. Plaintiffs subsequently filed suit against WMB for consumer fraud, alleging that the billing statements sent to them by WMB were deceptive because paying the "total amount due" listed on the statements resulted in negative amortization. Id. at 567-68, 572-73. Finding that the focus of plaintiffs' claims was on WMB's billing disclosures, or alleged lack thereof, the trial court granted defendants' motion to dismiss, and the appellate court affirmed. Id. at 568. As the appellate court explained in affirming the dismissal on preemption grounds:

> Congress specifically authorized OTS to preempt state laws affecting the operations of federal savings associations. 12 *U.S.C.* §§ 1463(a), 1464(a). OTS has done so. . . .
>
> While 12 *C.F.R.* § 560.2(c) refers to state laws, including contract and tort laws, that are not preempted if "they only incidentally affect" the federally regulated institutions, OTS has made it clear that the "incidentally affect" analysis becomes critical only if the types of preempted areas set forth in 12 *C.F.R.* § 560.2(b) are not involved. . . .
>
> <u>Here, plaintiffs' state law claims clearly fall within 12 *C.F.R.* § 560.2(b)(9) as they assert that WMBFA's billing statements fail to convey, *i.e.,* disclose, to the debtor that the "total amount due" figure is something other than what one normally would think of as a "total amount due." By way of either injunctive relief or monetary damages, plaintiffs seek to insert a form of state regulation by compelling a different type of billing statement disclosure</u>.

Id. at 571-72 (italics in original; emphasis added); see also Silvas v. E*Trade Mortg. Corp., 421 F. Supp. 2d 1315, 1319 (S.D. Cal. Mar. 16, 2006) (granting motion to dismiss claims under the UCL challenging disclosure of rescission rights on the

- 5 -

LA 51005840v1

1  grounds that "Plaintiffs' UCL claims . . . attack Defendant's lending practices in two
2  categories where OTS has explicitly indicated federal law occupies the field: (1)
3  disclosure and advertising and (2) loan-related fees.") (citing 12 C.F.R.
4  § 560.2(b)(5), (9)); accord Moskowitz v. Washington Mutual Bank, FA, 329 Ill. App.
5  3d 144, 149-50, 768 N.E.2d 262 (Ill. App. Ct. 2002) (holding that claims for breach
6  of contract and violation of the Illinois Consumer Fraud Act were barred by federal
7  preemption under section 560.2); Haehl v. Washington Mutual Bank, F.A., 277 F.
8  Supp. 2d 933, 942-43 (S.D. Ind. 2003) (holding that claims for violation of the
9  Indiana Consumer Credit Code, fraud, breach of fiduciary duty, concealment,
10 nondisclosure, breach of the duty of good faith and fair dealing, unjust enrichment
11 and conversion were barred by preemption under section 560.2); Lopez v. World
12 Savings & Loan Ass'n, 105 Cal. App. 4th 729, 742, 130 Cal. Rptr. 2d 42 (2003),
13 review denied (May 14, 2003) (holding that California statute restricting fees
14 charged for payoff demand statements was preempted under section 560.2, as was
15 the UCL, to the extent a UCL claim challenged the same conduct); Washington
16 Mutual Bank, 95 Cal. App. 4th at 620 (finding that claims under California statute
17 restricting the charging of pre-closing interest on home loans, as well as related
18 claims under the UCL and CLRA, were barred by section 560.2).

19       Here, Plaintiffs' claims against FSB are all based on the alleged violations of
20 the UCL, CLRA, and common law in FSB's Agreements, including the arbitration
21 provision.  Thus, by their Complaint, Plaintiffs improperly seek to use state laws to
22 impose specific requirements regarding FSB's Agreements.  As the foregoing
23 authorities attest, and as the appellate court in Rosenberg properly found, such claims
24 are expressly barred by federal preemption under 12 C.F.R. § 560.2(a) and (b)(9).
25 Accordingly, Plaintiffs do not and cannot state a claim against FSB under state law,
26 and all claims in the Complaint against FSB should be dismissed with prejudice.

27
28

## IV. CONCLUSION

For the foregoing reasons, Defendant FSB respectfully requests that this Court enter an Order striking all claims of the Complaint against FSB, including, the First through Fifth, Seventh, Eighth, Tenth through Twelfth, Fourteenth, Fifteenth, Seventeenth, Nineteenth, and Twentieth Causes of Action, without leave to amend.

Dated:  October 25, 2007

Respectfully Submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN

By: s/Stephen J. Newman
Stephen J. Newman

Attorneys for Defendant
AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC., AMERICAN EXPRESS CENTURION BANK, and AMERICAN EXPRESS BANK, FSB

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51005840v1