# STROOCK

November 28, 2007

Stephen J. Newman
Direct Dial  310-556-5982
Fax  310-556-5959
snewman@stroock.com

The Honorable Charles R. Breyer
United States District Judge
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *David J. Lee et al. v. American Express Travel Related Services, Inc. et al.*
      Case No.:  CV-07-4765 CRB

Dear Judge Breyer:

Defendants respectfully suggest that this Court should disregard Plaintiffs' November 21, 2007 letter to this Court, which cited the unpublished decisions Hunter v. General Motors Corp., No. B190809, 2007 Cal. App. Unpub. LEXIS 9252 (Cal. Ct. App. Nov. 19, 2007), and Freeman v. Mattress Gallery, Nos. E039614, E039615, 2007 Cal. App. Unpub. LEXIS 9102 (Cal. Ct. App. Nov. 8, 2007), as supposedly new authority justifying denial of the Motion to Dismiss currently set for hearing on November 30, 2007.

Plaintiffs' citation to Hunter and Freeman are wholly inappropriate, as both unpublished decisions are, by California Rule of Court 8.1115, expressly noncitable and thus have zero persuasive or precedential value.  See Cal. Rules of Court, Rule 8.1115 ("[A]n opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action.").

Moreover, neither case is relevant to the key issue presented here:  Whether, in the absence of a particular substantive dispute to be arbitrated, a plaintiff has standing to assert a facial challenge to a specific term in an arbitration agreement.  As set forth at length in the moving and reply papers, federal courts recognize that such a plaintiff lacks standing.  See

LA 51012283v2

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

The Honorable Charles R. Breyer
November 28, 2007
Page 2



<u>Ruckelshaus v. Monsanto Co.</u>, 467 U.S. 986, 1019-20 (1984) (no standing where plaintiff "did not allege or establish that it had been injured by actual arbitration under the statute"); <u>Bd. of Trade of the City of Chicago v. Commodity Futures Trading Cmm'n</u>, 704 F.2d 929, 932-34 (7th Cir. 1983) (same); <u>Tamplenizza v. Josephthal & Co., Inc.</u>, 32 F. Supp. 2d 702, 703, 704 (S.D.N.Y 1999) (refusing to invalidate arbitration provision where no pending or imminent arbitral proceeding); <u>Posern v. Prudential Secs., Inc.</u>, No. C-03-0507 SC, 2004 WL 771399, at *8 (N.D. Cal. Feb. 18, 2004) (same); <u>Bowen v. First Family Fin. Servs., Inc.</u>, 233 F.3d 1331, 1341 (11th Cir. 2000) (same).

As Plaintiffs elected to sue in federal court, they are bound by federal standing requirements. However, because they have failed to show the presence of an actual case or controversy, their claims should be dismissed.

Respectfully submitted,

/s/ Stephen J. Newman

Stephen J. Newman

Counsel for Defendants
    American Express Travel Related Services Company, Inc.,
    American Express Centurion Bank and
    American Express Bank, FSB


cc:  All Counsel of Record (via ECF filing system)


LA 51012283v2

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM