# *Hale & Associates*

**ATTORNEYS AND COUNSELORS AT LAW**
**45 RIVERMONT DRIVE**
**NEWPORT NEWS, VIRGINIA 23601**
___

**P.O. BOX 1951**
**NEWPORT NEWS, VIRGINIA 23601**
___

**TELEPHONE (757) 596-1143**
**E-MAIL: matthale@verizon.net**

November 30, 2007

The Honorable Charles R. Breyer
U.S. District Court Judge
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> *Re:*   <u>David J. Lee et al. v. American Express Travel Related Services, Inc et al.</u>
>    <u>Civil Docket No.: C-07-4765 CRB</u>

Dear Judge Breyer:

      This references two matters that arose at this morning's hearing on Defendants' Motion to Dismiss. First, as specifically alleged by Plaintiffs, when they paid the annual fees for their respective American Express cards and the purchase price for the American Express Gift Card and Dining Card, respectively, they paid, at least in part, for the contractual right to mandatory arbitration. That was, course, not a negotiated term since the card agreement imposed such a term upon the Plaintiffs. It was a contractual right, however, that under California and other law is a material term of the contract, [<u>see</u>, <u>e.g.</u>, <u>El Camino Community College District v. Superior Court</u>, 173 Cal.App.3d 606, 617 (1985); <u>Fairfield-Noble Corp. v. Pressman-Gutman Co.</u>, 475 F.Supp. 899 (SD NY 1979)(using the UCC 2-207); <u>Supak & Sons Mfg.</u> 593 F.2d 135, 136 (4th Cir.1979)], and has a pecuniary value (a matter specifically pled in the Complaint, ¶ 49).

      Second, there appeared to be some confusion concerning the question of the arbitrator's authority to determine the enforceability of the Arbitration Provision. The clear answer is that the arbitrator is without authority to determine the unconscionability of the arbitration provision. <u>See</u> <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440, 126 S.Ct. 1204, 1209, 163 L.Ed.2d 1038 (2006). The Ninth Circuit made this clear in its <u>en</u> <u>banc</u> decision in <u>Nagrampa v. Mailcoups, Inc.</u>, 469 F.3d 1257, 1263-1264 (2006), which reversed a decision by Judge Jenkins who decided the issue identically to that stated tentatively by this Court during the hearing:

> "We review this case en banc to clarify, as the Supreme Court has recently reiterated, that when the crux of the complaint challenges the validity or enforceability of the agreement containing the arbitration provision, then the question of whether the agreement, as a whole, is unconscionable must be referred to the arbitrator. <u>When the crux of the complaint is not the invalidity of the contract as a whole, but rather the arbitration provision itself, then the federal courts must decide whether the arbitration provision is invalid and unenforceable under 8 U.S.C. § 9….</u>" (Emphasis added)

In <u>Nagrampa</u>, as here, specific causes of action were alleged that "specifically and exclusively challenge the validity of the arbitration provision." <u>Id.</u>, at 1264. Those causes of action, as the Ninth Circuit without reservation held, are **never** to be matters to be decided by an arbitrator: they must be decided by the District Court. (This is consistent with the warning of <u>Nagrampa</u>, 469 F.3d at 1277-81, that Plaintiffs' invocation of the arbitration process under the arbitration provision would effectively waive their right to challenge the provision's unconscionability.) Since the arbitrator cannot decide the issue of whether the arbitration provision is unconscionable and unenforceable (again, that being a matter only this Court can determine), the matter can never be subject to arbitration as a matter of law. If the arbitration provision is found by this Court to be unconscionable and unenforceable, then no right to arbitrate exists at all and there is obviously **nothing** for an arbitrator to decide since no arbitration can ever occur. Resultantly, Plaintiffs standing cannot be based on whether they or Defendants invoked the right to mandatory arbitration contained in the card agreement. It, rather, is based on whether they got that for which they paid: a valid, enforceable, and legal right to demand mandatory arbitration of, for instance, whether the Arbitration Provision violates the CLRA and UCL, and the fraud claim they have against Defendants. Clearly and as a matter of law, they did not and that, pursuant to <u>Lozano v. AT&T Wireless Services, Inc.</u>, 2007 U.S.App.LEXIS 22430 (9th Cir. 2007), and <u>Dhaglian v. DeVry University</u>, 461 F. Supp. 1121 (N.D. Cal. 2006), provides them with the requisite standing. This is particularly so with regards to <u>Lozano</u> where, in an earlier decision of the District Court, the arbittation provision was specifically found to be unconscionable and unenforceable for the same reasons forwarded here. <u>See</u> 2003 U.S.Dist.LEXIS 21794 (C.D.Cal. August 18, 2003). Since the Ninth Circuit found standing in the absence of an arbitration so that the plaintiff could maintain challenges under the UCL and CLRA relative to the arbitration provision, this Court is bound to follow that decision and find standing here.

Very truly yours,

Matthew S. Hale