Matthew S. Hale, Esq.
HALE & ASSOCIATES
Calif. State Bar No. 136690
45 Rivermont Drive
Newport News, VA 23601

Mailing Address:
P.O. Box 1951
Newport News, VA 23601

Telephone No. (757) 596-1143
E-Mail: matthale@verizon.net

Attorney for Plaintiffs, DAVID J. LEE and
DANIEL R. LLOYD

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE, and DANIEL R. LLOYD, as individuals and, on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York corporation, AMERICAN EXPRESS CENTURION BANK, a Utah corporation, AMERICAN EXPRESS BANK, FSB, a Utah corporation,  and DOES 1, through 100, inclusive, <br><br> Defendants. | Case No.: C-07-4765 CRB <br><br> PLAINTIFFS/APPELLANTS' NOTICE OF INTENT TO DESIGNATE PORTIONS OF COURT TRANSCRIPT AND STATEMENT OF ISSUES |

1

TO DEFENDANTS AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY INC., AMERICAN EXPRESS CENTURION BANK, AND AMERICAN EXPRESS BANK, FSB, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT PLAINTIFFS/APPELLANTS DAVID J. LEE AND DANIEL R. LLOYD, have ordered copies of the court transcript from the November 30, 2007, hearing regarding the Defendants' motion to dismiss the Plaintiffs' complaint, and intend to use it in connection with their appeal.

In addition, Appellants will pursue the following issues on appeal:

1.    Do Plaintiffs have standing under Article III of the United States' Constitution ("Art. III"), California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.)("CLRA"), and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.)("UCL") to maintain their action including

a.    Do American Express credit, charge, gift, and dining card holders, respectively, challenging the unconscionability of terms of the American Express arbitration agreement and/or cardmember agreement (excluding the arbitration provision), respectively, and that unconscionability affects a violation whether a violation of the CLRA and/or the UCL have to seek to or actually participate in an arbitration in order to have standing under Art. III, the UCL, and/or the CLRA when the Arbitration Provision explicitly provides 'Claim' [that are subject to mandatory arbitration under the Provision] means any claim, dispute or controversy between you and us arising from or relating to your Account, this Agreement … and any other related or prior agreement that you may have had with us, or the relationships resulting from any of the above Agreements ('Agreements'), **except for the validity, enforceability or scope of this Arbitration Provision or the Agreements**," or at all?

2

**David Lee, et al. vs. American Express Travel Related Services Company, Inc., et al.**
**Plaintiffs/Appellants' Notice of Intent to Designate Portions of Court Transcript and Statement of Issues**

b.      Is not getting that for which one paid -- in this instance, an enforceable contractual right to mandatory arbitration contained in the American Express cardmember agreement for which Plaintiffs paid an annual fee – an injury sufficient to establish standing under Art. III, the CLRA and/or the UCL?

c.      Does the violation of the statutory rights given by the CLRA to not have unconscionable terms inserted in their contracts pursuant to Cal. Civ. Code § 1770(a)(19), and by Civil Code § 1670.5, respectively, provide Plaintiffs with standing under Art. III, the CLRA and/or UCL?

2.      Do unusual circumstances exist requiring, upon reversal and/or remand to the United States District Court for the Northern District of California, reassignment of his action to a new District Court Judge?"

Dated: January 10, 2008



_____
Matthew S. Hale, Counsel
For Plaintiffs/ Appellants

3

David Lee, et al. vs. American Express Travel Related Services Company, Inc., et al.
Plaintiffs/Appellants' Notice of Intent to Designate Portions of Court Transcript and Statement of Issues